

# DAVIDOFF HUTCHER & CITRON LLP
### ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

**FIRM OFFICES**

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

**FIRM OFFICES**

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 914-381-7400
E-MAIL: JSP@DHCLEGAL.COM

November 21, 2022

Hon. Philip Bentley
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

   **Re:  Urban Commons 2 West LLC, Et Al.**
   **Chapter 11 – Lead Case No. 22-11509(PB)**

Dear Honorable Judge:

  This firm is proposed counsel to the above referenced debtors ("Debtors"). This letter is respectfully submitted on behalf of the Debtors in response to the letter dated November 20, 2022 submitted on behalf of The Residential Board of Managers of the Millennium Point Condominium (the "Residential Board").

  First, the Debtors wish the Court to consider that the Chapter 11 cases were indeed filed on an emergency basis in order to protect and preserve the estates' property rights and interest for the benefit of all creditors including the Residential Board. As a result, the Debtors were not able to completely line up everything in advance of the filings that will be necessary to effectively prosecute the Chapter 11 cases and provide the necessary funds for the Debtors to meet all of the ongoing administrative expenses. Notwithstanding, since just prior to and after the case filings on November 15, 2022, the Debtors have been actively involved in the obtaining the following:

Hon. Philip Bentley
November 21, 2022
Page 2

1) <u>Issue of Designation of Debtors as a SARE</u>. Although the Debtors are not currently operating or subleasing the Hotel, the Chapter 11 cases were filed with the intention of immediately subleasing and thereby recommencing the Hotel operations in the first few months of the Chapter 11 cases, thereby negating the Debtors' status as SAREs. See, generally, *CBJ Dev., Inc.*, 202 B.R. 467, 472-473 (B.A.P. 9th Cir. 1996). Although the Debtors believe that designating the Debtors as SAREs is not in the best interests of, inter alia, the Debtors or the Residential Board, the Debtors acknowledge that all parties reserve their rights to seek such designation in the Chapter 11 cases.

2) <u>Retention of RE Consultant and Financial Advisors</u>. The Debtors and their undersigned counsel have been interviewing candidates and are in the process of selecting reputable and well known real estate consultants and financial advisors to assist the Debtors, the creditors and the Court to evaluate all offers, transactions and financial information, both past and future, so that the Court and creditors may be accurately informed and apprised of all past and potential future transactions and their implications to the estates. This will also provide the Debtors with a vehicle to conduct a thorough national marketing and valuation program for a future strategic transaction and process. Such professionals should provide the legitimacy to the process that the Court and all parties want to ensure.

3) <u>Motion to Approve New Sublease</u>. The Debtors are in the process of executing a new sublease with a national hotelier which, if approved, will provide the estate with $8,500,000 of annual net income over and above covering all lease obligations, as a "triple net" lease arrangement, including all of the Debtors' rent, real estate taxes (PILOT), insurance and condominium common charges. This will provide the Debtors with additional cash flow to make adequate protection payments and fund all Chapter 11 administrative expenses. The Debtors expect to file an approval motion with the Court for the new sublease in the next 10 days.

The Debtors wish to note that they dispute certain of the contentions and allegations by the Residential Board, namely that they have a legal approval right or veto authority over the Debtors' right to install a new hotel operator. The Debtors believe that the interests of the Residential Board may be in conflict with the interests of the other creditors of these estates in that regard. The Debtors are concerned with the Residential Board's potential interference with or undue influence upon the proper parties who may need to approve the operator. Notwithstanding these issues, the Debtors will attempt to work with the Residential Board in moving forward with the proposed new sublease, which will immediately provide the necessary monies to cover all utilities, condominium charges and related going forward, all with the ultimate view to proposing a plan that will, inter alia, satisfy all of the claims of, inter alia, the Residential Board in full.

Hon. Philip Bentley
November 21, 2022
Page 3

4) <u>DIP Financing.</u> In order to cover all of the Debtors' post-petition obligations as of the November 15, 2022 filing date, the Debtors are in the process of negotiating a DIP loan for up to $4 million, which will provide the Debtors with the necessary cash flow to cover all of its obligations until the rental payments under the new Sublease commence sometime in late January, 2023. The Debtors expect to try and negotiate the terms of the DIP loan with its first priority secured lender and move for its approval in the next 2 weeks.

5) <u>Consent to Appointment of Examiner.</u> Notwithstanding the fact that (a) there were no adjudications in other courts that the Debtors' managers have committed fraud in other proceedings, and despite the fact that there have been no allegations of fraud by these Debtors in any court, the Debtors will hereby consent to the appointment of an Examiner pursuant to 11 U.S.C. Section 1104(c) so that the Court and interested parties can have full disclosure of all acts and conduct of the Debtors leading up to the Chapter 11 cases and to determine if further relief is thereafter warranted.

6) <u>Utilities.</u> The Debtors would agree to add the protective language requested by the Residential Board with respect to the Debtors' Section 366 Utilities Motion. The Debtors have already offered the Residential Board to amend the obligations of the parties regarding payment for utilities, in order to avoid any future potential harm to the Residential Board. This would provide that the Debtors' or their sublessee or assignee under a Plan would be responsible for the payment of their own utilities going forward.

7) <u>Reservation of All Parties' Rights.</u> The Debtors fully acknowledge that parties reserve all of their rights to seek further relief in the Chapter 11 cases should such relief be warranted. The Debtors respectfully submit that any further relief at this nascent and critical stage of the Chapter 11 cases, including the sua sponte or emergency appointment of a trustee (assuming there was any proof of fraud by these Debtors, which there has been none even alleged), would not only be premature and prejudicial but would certainly materially devalue the estates to the detriment of all creditors and stakeholders.

8) <u>First Day Motions.</u> The Debtors have requested only the barest, minimal relief in the First Day Motions. The Joint Administration and Schedules Extension Motion are purely administrative in nature and necessarily warranted, while the Utilities Motion in fact materially benefits, inter alia, the Residential Board. For all those reasons, the Debtors respectfully request that the Court hear and approve the First Day Motions at this afternoon's hearing.

Hon. Philip Bentley
November 21, 2022
Page 4

    Thank your Honor for your consideration of the foregoing. Please do not hesitate to contact the undersigned if you have any questions.

                              Respectfully,

                              By: _*Jonathan S. Pasternak*_
                                  Jonathan S. Pasternak

JSP/
cc: Tracy Klestadt, Esq.
    All Parties Receiving ECF Notification
    United States Trustee