UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                                    Chapter 11

URBAN COMMONS 2 WEST LLC, ET AL.,[1]            Lead Case No.: 22-11509 (PB)

                            Debtors.                                          (Jointly Administered)
-----------------------------------------------------------X

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' APPLICATION TO (I) EMPLOY AND RETAIN GETZLER HENRICH & ASSOCIATES LLC EFFECTIVE AS OF NOVEMBER 21, 2022, (II) AFFIRM DESIGNATION OF MARK D. PODGAINY AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF NOVEMBER 21, 2022, AND (III) EMPLOY AND RETAIN BERNARD A. KATZ AS INDEPENDENT MANAGER OF THE DEBTORS [2]**

**TO: THE HONORABLE PHILIP BENTLEY,
UNITED STATES BANKRUPTCY JUDGE:**

      William K. Harrington, the United States Trustee for Region 2, hereby respectfully files his objection to the *Debtors' Application to (I) Employ and Retain Getzler Henrich & Associates LLC Effective as of November 21, 2022, (II) Affirm Designation of Mark D. Podgainy as Chief Restructuring Officer Effective as of November 21, 2022, and (III) Employ and Retain Bernard A. Katz as Independent Manager of the Debtors Effective as of November 26, 2022* (the "Application"), ECF No. 44. In support of his objection, the United States Trustee represents and alleges as follows:

**PRELIMINARY STATEMENT**

---

[1] *Jointly administered with Urban Commons 2 West II LLC (Tax ID: \*\*-\*\*\*7987), Urban Commons 2 West III LLC (Tax ID: \*\*-\*\*\*3270), Urban Commons 2 West IV LLC (Tax ID: \*\*-\*\*\*8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: \*\*-\*\*\*0849), with a shared mailing address of 3334 East Coast Highway, No. 350, Corona Del Mar, CA 92625.*

[2] The U.S. Trustee had discussions with Debtors' proposed counsel before filing this Objection but was unable to come to a consensual resolution. Debtor counsel was fully cooperative in addressing the UST's concerns and questions.

1

The U.S. Trustee objects to the Debtors' Application to appoint Chief Restructuring Officer ("CRO") and Independent Manager ("IM"). Under this Application and the Proposed Order, the CRO and IM will collectively perform the role of a Chapter 11 Trustee. However, such arrangement is neither provided for nor authorized in the Bankruptcy Code. The Bankruptcy Code provides only two options when it comes to operating a debtor's business and administering the estate: the debtor in possession or a statutory trustee appointed by the U.S. Trustee. The Bankruptcy Code does not authorize a quasi, private trustee to fulfill the sacrosanct role of a Chapter 11 trustee duly appointed under Section 1104.

A Chapter 11 trustee's duties and powers are clearly defined by the statute, which could minimize future litigation as to the roles and authorities of the CRO and IM. A Chapter 11 trustee has the duty and power to investigate debtor's business, conducts, financial conditions and to file investigation reports, which a CRO or a debtor in possession does not have but may well be necessary in this case given the principals' alleged misconduct.

Also, the CRO and IM were apparently recommended by Debtors' proposed counsel, which tainted the selection process. There is no place in the bankruptcy system to have attorneys (whether Debtors' or creditors') select an entity that plays the role of a Chapter 11 trustee. If it is the parties' consensus to appoint a private, quasi Chapter 11 trustee, here the CRO and IM, there should be no valid reason not to appoint a statutorily authorized trustee who will essentially do the same job but has a better-defined role, wider-ranging duties and authorities and is truly independent.

## BACKGROUND

1. On November 15, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2

2. On November 23, 2022, the Court entered an order directing the joint administration of the Chapter 11 cases for procedural purposes only. ECF No. 27.

3. The Debtors have continued in possession of their property and the management of their business affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. According to the Debtors' Rule 1007 Affidavit, the Debtors own the hotel condominium located at 2 West Street, New York, New York. The hotel is currently not in operation. ECF No. 7.

5. According to the Rule 1007 Affidavit, the Debtors are managed by Taylor Woods and Howard Wu (the "Principals") as the authorized persons to act on their behalf. *Id.* Debtors' petitions and Rule 1007 Affidavit were signed by Taylor Woods. *See* ECF No. 1 at 5; ECF No. 7 at 19.

6. The Debtors have not filed the schedules and statement of financial affairs and have requested an extension to file them. Such request is currently pending the Court's approval. *See* ECF No. 38.

7. On November 20, 2022, one day before the scheduled first-day hearing, the Residential Board of Managers of the Millennium Point Condominium (the "Residential Board") filed a letter along with exhibits attached hereto (the "Residential Board's Letter"). ECF No. 15.

8. The Residential Board's Letter quoted Judge Christopher Sontchi of the Bankruptcy Court for the District of Delaware in *In re. EHT US 1, Inc. et al*. (Case No. 21-10036) (the "Eagle Hospitality Cases") where the Principals were involved as follows,

> And let me be perfectly clear. These defendants' [Taylor Woods and Howard Wu] behavior is beyond the pale. It was reprehensible. It was a violation of public trust. It's an abuse of Congress' attempt to help businesses survive the pandemic, not to line the pockets of rich people.

3

> There is an overwhelming likelihood of success on the merits, as far as I can see. Indeed, I'm considering reference -- I'm considering referring the matter to the U.S. Attorney for investigation for possible criminal conduct. And I do not say that lightly. I've done that twice in 15 years on the bench.

Eagle Hospitality Cases, ECF No. 791 at p. 49:13-23

> Defendants Woods and Wu have a history of wrongful acts and have proved that they are capable of shuffling assets. Mr. Woods misrepresented or lied to U.S. authority with the implied consent of Mr. Wu by applying for and obtaining SBA PPP loan in Defendant Woods' name or to be used for wrongful purposes.
>
> Specifically, Mr. Woods knowingly or recklessly made false statements to obtain an SBA PPP loan by signing an SBA PPP loan application on behalf of Plaintiff without Plaintiff's knowledge or consent. After wrongfully obtaining the funds, Messrs. Woods and Wu transferred them to Defendant EHT Asset Management, an entity they wholly owned, and then caused the funds to disappear. … These facts show Defendants' willingness to flaunt the law, use entities and transfers to avoid paying money wrongfully obtained, and a lack of remorse for doing so.
>
> Additionally, Plaintiffs bring before the Court evidence of multiple lawsuit and judgments against Defendants Woods and Wu for fraud, breach of repayment obligations and other loan defaults.

Eagle Hospitality Cases, Letter Opinion dated August 27, 2021.

> Messrs. Woods and Wu are fraudsters. They fraudulently obtained a PPP loan on behalf of the Debtor without authority and absconded with the proceeds, leaving either the Debtor or the United States to pay back the lender.

Eagle Hospitality Cases, ECF No. 1638 at p. 2 of 19, November 15, 2021.

9. The Residential Board requested the Court appoint a Chapter 11 trustee *sua sponte* or allow a motion to appoint a Chapter 11 trustee to be heard on shortened notice. *See* ECF No. 15 at 1.

10. At the first day hearing on November 21, 2022, the Court made it clear that the case must not be controlled by the Principals and the Court would entertain an expedited Trustee motion. Additionally, BPC Lender, LLC ("BPC"), and Battery Park City

4

Authority (the "BPCA") joined the Residential Board's concerns over the management of the Debtors by the Principals.

11. According to Application, the Debtors met and conferred with the Residential Board, BPC, BPCA, and other parties in interest to discuss the solution of concerns regarding the Debtors' management. ECF No. 44 ¶ 12.

12. The above-mentioned parties appear to have agreed to the appointment of an Independent Manager ("IM") and a Chief Restructuring Officer ("CRO"), as set forth in more detail in the Application. *See Id.* ¶ 13 ("the parties have agreed to permit the Debtors to engage in the retention of a CRO and an independent manager in lieu and replacement of Mr. Woods and Mr. Wu in management.")

13. The parties, including the Debtors, appear to have collectively selected Mark Podgainy of Getzler Henrich & Associates LLC ("Getzler Henrich") as the CRO, and Bernard Katz ("Mr. Katz") as the IM. ECF No. 44.

14. According to the Application, Mr. Podgainy, as the CRO, "shall answer only to the independent manager [Mr. Katz], be the sole representative of all of the Debtors estates and shall be exclusively vested with all of the powers and duties to operate the Debtors' businesses pursuant to Bankruptcy Code Sections 1107 and 1008 and in accordance with, and subject to, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure." *Id.* ¶ 12.

15. Similar language is also found in the proposed order providing that, "the CRO shall be the sole representative of all of the Debtors' estates and shall be exclusively vested with all of the powers and duties to operate the Debtors' businesses pursuant to Bankruptcy Code Sections 1107 and 1108 and in accordance with, and subject to, the

Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure." ECF No. 44-5, Proposed Order at 3.

16. According to the Proposed Order, Mr. Katz "will be (a) the replacement independent manager for and in lieu of Kristine E. Eppes and (b) the sole Manager, independent or otherwise, of the Debtors during the term of his appointment, absent further order of the Bankruptcy Court, and shall have sole and exclusive authority of a manager as defined under the Debtors' Operating Agreements." Proposed Order at 5.

17. Getzler Henrich and Mr. Katz each submitted declaration disclosing connections under Bankruptcy Rule 2014 as attached to the Application.

## **OBJECTION**

### **A. A Chapter 11 Trustee is the Only Entity Other Than a Debtor in Possession That is Authorized to Operate the Debtor and Administer the Estate.**

Although a debtor-in-possession retains its pre-petition right to change and hire officers and employees during the bankruptcy, the Bankruptcy Code does not authorize the debtor or the Court to appoint an entity to play the sacrosanct role of a trustee, outside the purview of a trustee appointed under section 1104(b) appointed by the U.S. Trustee.

In *In re Adelphia Comm. Corp.,* 336 B.R. 610 (Bankr. S.D.N.Y.), *aff'd*, 342 B.R. 122 (S.D.N.Y. 2006), the Court denied the ad hoc noteholder committee's request for the appointment of independent officers and directors under section 105(a) and section 1107(a). The Court stated that, "section 105(a) is plainly an inappropriate basis upon which such relief [the appointment of independent officers and directors] can be based … Using section 105(a) to appoint a fiduciary to act as a trustee shorn of the name, but with few other substantive differences, would be the exact kind of wrongful judicial action that the Second Circuit has forbidden." *Id.* at 664. Notably, "Section 1104 already provides for

6

two kinds of fiduciaries, trustees and examiners … Appointing a trustee equivalent, under these circumstances, would be doing exactly what the Second Circuit told the lower courts not to do: using section 105(a) 'to create substantive rights that are otherwise unavailable under applicable law,' and to 'invent remedies that overstep statutory limitations.'" *Id.* (footnotes omitted).

Under the Bankruptcy Code, a debtor-in-possession derives its duties and authorities from a trustee. *See* 11 U.S.C. § 1107 ("a debtor in possession shall have all the rights [except for getting compensation under section 330] and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."). When a debtor-in-possession is considered not fit to fulfill its role as delineated in section 1107, a trustee appointed under section 1104 steps in. Also, section 1108 makes it clear that the trustee, whether such role is assumed by the debtor in possession under section 1107 or not, is the default entity to operate the debtor – when the debtor itself is not fit to operate its business, a trustee steps in. Therefore, when it comes to administering the estate and operating the debtor's business, there are only two options in bankruptcy: either a debtor in possession or a chapter 11 trustee. No other option is expressly permitted under the Bankruptcy Code.

Here, according to the Proposed Order, "the CRO shall be the sole representative of all of the Debtors' estates and shall be exclusively vested with all of the powers and duties to operate the Debtors' businesses pursuant to Bankruptcy Code Sections 1107 and 1108 …." Proposed Order at 3. Mr. Katz "will be … the sole Manager, independent or otherwise, of the Debtors during the term of his appointment, absent further order of the Bankruptcy Court, and shall have sole and exclusive authority of a manager as defined

7

under the Debtors' Operating Agreements." *Id*. at 5. Under such arrangement, the CRO and IM will collectively perform the role of a Chapter 11 trustee. This arrangement exactly fits in what the Court rejected in *Adelphia Comm. Corp* by appointing "a trustee equivalent," "a trustee shorn of the name" and oversteps statutory limitations. The U.S. Trustee respectfully submits that appointing a Chapter 11 trustee is the only option permitted under the Bankruptcy Code to operate the Debtors' business and lead the reorganization.

      **B. The Combination of CRO and IM Does Not Have Enough Authority to Effectively Administer these Cases.**

A Chapter 11 trustee has wide-ranging powers to handle all aspects of a bankruptcy case; it has broader power than a debtor in possession. *See* 11 U.S.C. 1107 (a debtor in possession is not authorized to undertake a chapter 11's duties specified in section 1106(a)(2) - (4)). Notably, the missing parts, i.e. the parts that only a chapter 11 trustee can do and a debtor-in-possession or CRO cannot do, are exactly what the Debtors may need in this case: investing the acts, conduct, assets, liabilities, and financial conditions of the debtor and filing investigation reports pertaining to fraud, dishonesty, misconduct, mismanagement or irregularity in the management of the debtor, or to a cause of action available to the estate. *See* 11 U.S.C. § 1106(a)(3)-(4).

It appears to be the consensus that the Debtors' current management cannot be trusted to continue to operate the Debtors or lead the reorganization during the Chapter 11 cases. To that end, a Chapter 11 trustee is what the Debtors need. The U.S. Trustee does not take issue with the integrity or qualification of proposed CRO and IM. Compared to appointing a CRO and IM, not only that a Chapter 11 trustee is the only statutorily permissible entity to run the case, but it is also that a Chapter 11 trustee's role and

8

authorities are clearly defined by the statute and broader than a CRO who assumes the role of a debtor-in-possession.

The U.S. Trustee understands the parties' desire to minimize litigation costs associated with a trustee motion. But the trustee motion will be based on essentially the same factual bases on which the instant Application is based, so there should be no reasonable opposition. Since there has been consensus that the Debtors and the cases must be run by an independent third party, which essentially indicates it is in the interest of the creditors and estate that an independent third-party should step in and take over, section 1104(b)(2) is apparently satisfied. The Court could appoint one *sua sponte*. Also, appointing a CRO and IM now does not eliminate the possibility of a trustee motion in future as all parties' right to move for a trustee is preserved; and more importantly, such no consensual resolution can overstep statutory limitations as described before.

It is also unclear that if the Debtors' governing documents, i.e. the operating agreements[3] allow an Independent Manager, here Mr. Katz, to perform (or partially perform) the role of a Chapter 11 trustee, since Section 10 of the operating agreements provides that "No independent manager shall serve at any time a trustee in bankruptcy for any affiliate of the Company."

### C. Only the Statutory Trustee Selected by the U.S. Trustee is Truly Independent

It is worth noting that the IM and CRO were recommended by the Debtor counsel, albeit allegedly without the involvement of the Principals. It is still a tainted process because the IM and CRO will inevitably have their bias in favor of the Debtor – it makes

---

[3] The Debtors shared the operating agreements of four debtors with the U.S. Trustee; all four agreements have essentially the same content and provisions.

9

no difference whether such bias is favoring the Debtors' principals or Debtors' attorneys. For example, will the CRO be in the position to object to Debtor's counsel fees? The answer is likely no since it is the very counsel who gave the CRO his job in this case.

It is also worth noting that the U.S. Trustee's selection process for a trustee starts with getting recommendations from all parties in interest, which is essentially the same as the process the parties went through. The U.S. Trustee then carefully evaluates the candidates' qualifications and conducts interviews. The process is thorough and expeditious and will by no means delay the reorganization process.

## **CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully requests the Court deny the Debtors' Application and appoint a Chapter 11 trustee instead and grant such other and further relief as is just and proper.

Dated: New York, New York
December 5, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   */s/ Tara Tiantian*
Tara Tiantian
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. No. (212) 510-0500