DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtors*
605 Third Avenue
New York, New York 10158
(212) 557-7400
Robert L. Rattet, Esq.
Derek A. Wolman, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                        Chapter 11

URBAN COMMONS 2 WEST LLC, ET AL.,[1]             Lead Case No.: 22-11509 (PB)

                    Debtors.                                             (Jointly Administered)
-----------------------------------------------------------X

**RESPONSE (1) IN FURTHER SUPPORT OF DEBTORS' APPLICATION TO (I) EMPLOY AND RETAIN GETZLER HENRICH & ASSOCIATES LLC EFFECTIVE AS OF NOVEMBER 21, 2022, (II) AFFIRM DESIGNATION OF MARK D. PODGAINY AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF NOVEMBER 21, 2022, AND (III) EMPLOY AND RETAIN BERNARD A. KATZ AS INDEPENDENT MANAGER OF THE DEBTORS AND  (2) IN RESPONSE
TO OBJECTION OF THE UNITED STATES TRUSTEE**

**TO:    THE HONORABLE PHILIP BENTLEY,
           UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit this Response (1) In further support of the *Application to (I) Employ and Retain Getzler Henrich & Associates LLC Effective as of November 21, 2022, (II) Affirm Designation of Mark D. Podgainy as Chief Restructuring Officer Effective as of November 21, 2022, and (III) Employ and Retain Bernard A. Katz as Independent Manager of the Debtors Effective as of November 26, 2022* (the "Application") pursuant to sections 105(a) and 363(b) of title 11 of the United

---

[1] *Jointly administered with Urban Commons 2 West II LLC (Tax ID: \*\*-\*\*\*7987), Urban Commons 2 West III LLC (Tax ID: \*\*-\*\*\*3270), Urban Commons 2 West IV LLC (Tax ID: \*\*-\*\*\*8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: \*\*-\*\*\*0849), with a shared mailing address of 3334 East Coast Highway, No. 350, Corona Del Mar, CA 92625.*

States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") and (2) in response to the objection of the United States Trustee dated December 5, 2022 (the "Objection").

In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of William H. Henrich (the "Henrich Declaration"), a Senior Managing Director with Getzler Henrich & Associates LLC ("GH"), attached to the Application as Exhibit A, the Declaration of Bernard A. Katz (the "Katz Declaration"), attached to the Application as Exhibit B, and the proposed order approving the Application, attached to the Application as Exhibit C (the "Proposed Order").

1. It is respectfully submitted that the Application should be approved, and the Objection overruled, for the following salient reasons.

2. The Application and, in specific, the management protocol requested therein and set forth in specific detail in the Proposed Order, is the result of a concerted, arms' length negotiations between the Debtors and all of the primary constituents of the Chapter 11 cases which parties have the most at stake and who desire a smooth, efficient and effective Chapter 11 process without the need for an independent trustee who will not only slow down the Chapter 11 process (which slow down the Debtors' lender likely seeks to avoid and is likely not to be interested in funding) but will add another layer of unnecessary administrative expenses to the Chapter 11 cases.

3. Contrary to the assertions of the United States Trustee, the Independent Manager was *not* selected by Debtors' counsel but was in fact the consensus choice of the various interested parties in the Chapter 11 case who decided that the CRO/Independent Manager protocol was better for the Debtors' estates than the appointment of an independent trustee. Moreover, Debtors' now-prior management[2] has no prior knowledge, experience or contact with Mr. Katz, and, as shown in the Katz Declaration, Mr. Katz is a disinterested person for purposes of, his engagement as an independent director. Accordingly, there is no "taint" with respect to the selection of the Independent Manager, whose credentials and experience in acting as an independent director/manager in this Court are exemplary. To absolutely ensure prior management has no further management authority or role in the Chapter 11 cases, (a) the Debtor's separate members each accepted the resignation of Messrs. Wu and Woods from their non-manager role of "Authorized Persons" under the respective operating agreements, the (b) the Debtors' members appointed Bernard A. Katz as sole and independent manager of the Debtors

4. As shown in the Operating Agreements and Member Resolution annexed hereto as Exhibits "A" through "F", respectively (and as previously provided to the United States Trustee), former management *legally* has no further authority to act on behalf or bind the Debtors in the Chapter 11 cases. This is supplemented by provisions in the Approval Order (see Par. 3.II. and IV.) that were negotiated with and in part requested by the other constituents of the Chapter 11 cases.

---

[2] The Debtors wish the Court to take notice that despite the pleadings filed by the Residential Board, Debtors' prior management has not been accused of any fraud or wrongdoing vis a vis the Debtors. Assuming arguendo the US Trustee's Objection were considered as a motion to appoint a trustee, there has been absolutely no cause shown or evidence supplied by any party that would warrant the imposition of a trustee for cause under Bankruptcy Section 1104. The Debtor, and perhaps the other constituents, would vigorously oppose such motion, adding time delay and uncertainty to the Chapter 11 cases.

3

5. Moreover, the United States Trustee does not dispute that (a) the CRO and the Independent Manager fully and completely satisfy the requirements for engagement under Section 363 and the "J. Alix Protocol", an annotated copy of which is annexed hereto along with references to the corresponding sections of the Proposed Order as Exhibit "G" hereto[3], and (b) the Approval Order contains numerous provisions that ensure (i) the ability of the CRO to fulfill all the duties and responsibilities of a debtor-in-possession (See Approval Order Par. 3.II. and 3.III.) and (ii) the independence of the Independent Manager Approval Order. Par.3.IV.)

6. The United States Trustee incorrectly argues that the Debtors may not legally proceed with a CRO and independent manager. Pursuant to the Proposed Order, the CRO shall act as the Debtor's representative, and the Debtors may act as its own trustee pursuant to Bankruptcy Code Section 1107. In addition, the Debtors have legally authorized the appointment of Mr. Katz as independent manager as permitted under Delaware law and their respective operating Agreements. There is nothing in the Bankruptcy Code that prohibits such governance and management structure, especially where the constituents of the Chapter 11 cases support such structure and have preferred it over an independent trusteeship.

7. The U.S. Trustee cites *In re Adelphia Comm. Corp.,* 336 B.R. 610 (Bankr. S.D.N.Y. 2006) inappropriately as authority for the proposition that this Court is now faced with an "all or nothing" choice of directing the appointment of a trustee pursuant to 11 U.S.C. §1104 or leaving the debtor in unfettered possession. In fact, the *Adelphia* Court, in denying a motion for appointment of, inter alia, an independent trustee, left open the possibility of appointing an

---

[3] In an attempt to gain the US Trustee's non-objection to the Application, Debtors' counsel provided the attached J. Alix Protocol analysis to the U.S. Trustee after having previously worked closely with the trial attorney assigned to these cases to ensure the Approval Order strictly complied with the J. Alix Protocol.

4

alternative fiduciary, as suggested in *In re Gaslight Club, Inc.,* 782 F.2d 767 (7th Cir.1986) ("*Gaslight Club*"). The *Adelphia* Court stated:

> "See In re Gaslight Club, Inc., 782 F.2d 767 (7th Cir.1986) ("Gaslight Club") (approving replacement of debtor's president and majority shareholder as individual exercising debtor in possession powers, without appointing trustee, but where the individual who had been replaced consented to it)."

*Adelphia, Supra, 336 B.R. at 666.*

The *Adelphia* Court cited *Gaslight* approvingly where (in both cases) there was consent of the various interested parties to an alternative to an independent trustee. *Id.*, 336 B.R. at 668. ("We would certainly question recourse to the present procedure as a means generally to avoid appointment of a trustee. But we think the peculiar circumstances of the case before us as well as the consent on all sides to the procedure followed make this case different."). The *Gaslight* court stated that the Bankruptcy Code does not affect the applicability of the corporation law of debtor's state of incorporation as it relates to management of the corporation," but concluded that sections 226 and 303 of Delaware Corporation Law[8] permitted the order. 38 B.R. at 349-50. The *Gaslight, Id.* Court, relying upon Delaware law stated

> "*Second, although appellants' comment adequately describes section 226 of the Delaware Corporation Law, it ignores section 303, upon which the FSC court also relied. Section 303 seems to address the situation before us now. Frederick also claims that "there was no applicable state statute involved [sic] by the court in this case which was in any way analogous to the Delaware statute relied on in FSC." Appellants' Brief at 17. This contention may be wide of the mark. Gaslight Club, Inc. is a Delaware corporation[10] and hence section 303 of the Delaware Corporation Law is potentially as applicable to Gaslight as it was to FSC.*
> *Matter of Gaslight Club, Inc., 782 F.2d 767, 772 (7th Cir. 1986)*

5

8.      Much like the facts at issue in *In re Gaslight Club, Inc.*, 782 F. 2d 767, 772 (7th Cir.. 1986)[4], the Debtors do not seek the improperly circumvent the Bankruptcy Code's provisions for the appointment of a trustee, since (a) the Court has the authority to appoint a CRO under the J. Alix Protocol, (b) the Debtors have exercised their authority as Delaware LLC to appoint the CRO and Independent Manager and (b) under the circumstances of the Debtors' Chapter 11 case, a trustee is not warranted, and (c) there is consent from all the constituents in the Chapter 11 cases (except the US Trustee) to appoint the CRO and Independent manager.

9.      In summary, the primary beneficiaries and constituents of the these Chapter 11 cases have agreed to the appointment of the CRO and Independent Manager, were instrumental in the selection process, and prefer this course of consensual practice to the alternative of an independent trustee and the delays, costs and potential adverse effects it may have on the Debtors' current efforts to obtain critically needed DIP financing as well as cooperation form the constituents in moving these Chapter 11 cases consensually forward.

10.     Moreover, nothing the Debtor has proposed in the Application or the Proposed Order is violative of the J. Alix Protocol or the Bankruptcy Code. The Debtors have full and complete authority under both their operating agreements and Delaware law to appoint a CRO and replacement independent manager. See *FSC Corp.*, 38 B.R. 346, 349 (Bankr. W.D. Penn. 1983)("unless a bankruptcy trustee has been appointed, the Bankruptcy Code does not affect the applicability of the corporation law of debtor's state of incorporation as it relates to management of the corporation"). The *FSC* court further opined that the grant of authority to a "Responsible Officer" in that case, much like the CRO in the Debtors' cases, was contemplated under Sections 105 and 1107(a) of the Bankruptcy Cide. *Id.*, 38 B.R. at 350. And the Debtor exercised those

---

[4] The *Gaslight* case involves Delaware Corporate law and is therefore instructive to the Debtors' Chapter 11 cases, as the Debtors are each Delaware LLCs.

6

rights upon the consent and approval of the various constituents who prefer such appointments to an independent trustee and an additional layer of administrative costs, delay and uncertainty going forward. In short, the constituents and primary beneficiaries have determined, in their business judgement, that (a) by the appointment of the CRO and Independent Manager, there is little to no concern about any future happening of "fraud, dishonesty, incompetence or gross mismanagement of the [D]ebtors" and (b) that the appointment of an independent trustee "is not in the best interests of creditors, any equity security holders, or other interests of the estates" See 11 U. S.C. Section 1104(a). Therefore, likely protracted litigation over the appointment of an independent trustee will only be detrimental to the Debtors' estates and its various and substantial creditors and other stake holders.[5]

11.  As a result of all of the foreign, the Debtors respectfully submit that (a) sufficient cause exists to grant the Application in its entirety, (b) overrule the Objection and (c) enter the Approval Order in the consensual, negotiated form submitted.

---

[5] Despite not having been fully discussed in the pleadings to date, the Debtors in fact have numerous debt, bond and equity interest holders, investors and other stakeholders far beyond and in addition to any interest that Messrs. Woods or Wu still hold.

**WHEREFORE**, the Debtors respectfully request that the Court grant the Application, overrule the Objection in its entirety, enter the Approval Order, and grant the Debtors such other and further relief as it deems just and proper.

Dated: December 5, 2022
      New York, New York

                                      Respectfully submitted,

                                      DAVIDOFF HUTCHER & CITRON LLP
                                      *Proposed Attorneys for the Debtors*
                                      605 Third Avenue
                                      New York, New York 10158
                                      (914) 381-7400

                                    By: */s/ Jonathan S. Pasternak*
                                            Jonathan S. Pasternak
                                            Robert L. Rattet