*Presentment Date: January 17, 2023 at 12:00 pm*
*Objection Deadline: January 12, 2023 at 5:00 pm*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                                          Chapter 11

URBAN COMMONS 2 WEST LLC, ET AL.,[1]           Lead Case No.: 22-11509 (PB)

                          Debtors.                                        (Jointly Administered)
-----------------------------------------------------------X

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT OF ROSEWOOD REALTY GROUP AND NEWMARK & COMPANY REAL ESTATE, INC. AS REAL ESTATE CONSULTANTS AND ADVISORS TO THE DEBTORS EFFECTIVE AS OF DECEMBER 22, 2022

The above captioned debtors and debtors-in-possession (the "Debtors") in this jointly administered chapter 11 case (the "Chapter 11 Case"), by their Chief Restructuring Officer, Mark D. Podgainy (the "CRO"), respectfully submit this Application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving pursuant to Sections 327(a) and 328 of the Bankruptcy Code the joint employment of Rosewood Realty Group ("Rosewood") and Newmark & Company Real Estate, Inc. ("Newmark") as their real estate co-consultants and co-brokers pursuant to the terms of their certain joint real estate services agreement dated as of December 22, 2022 (the "Joint Agreement"), which is attached hereto as **Exhibit B**. Rosewood's qualifications and other necessary disclosures of disinterestedness are set forth in the Declaration of Greg Corbin attached hereto as **Exhibit C** (the "Corbin Declaration"), and Newmark's qualifications and other necessary disclosures are set forth

---

[1] Jointly administered with Urban Commons 2 West II LLC (Tax ID: **-***7987), Urban Commons 2 West III LLC (Tax ID: **-***3270), Urban Commons 2 West IV LLC (Tax ID: **-***8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: **-***0849), with a shared mailing address of 3334 East Coast Highway, No. 350, Corona Del Mar, CA 92625.

1

in the Declaration of Adam Etra attached hereto as **Exhibit D** (the "Etra Declaration"). In support of this Application, the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. The statutory bases for the relief requested are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

5. On November 15, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in this Court.

6. The Debtors remain in possession of their assets and, through the CRO and IM (as defined below), manage their business affairs as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. No trustee, examiner or committee has been heretofore appointed in these cases.

8. A detailed account of the Debtors' business affairs and the events precipitating the bankruptcy filing are included in the Declaration of Taylor Woods Pursuant to Local Bankruptcy Rule 1007-2 and 9077-1 in Support of a Hearing on Shortened Notice on the Debtors' First Day Motions (ECF Doc No. 7). (the "First Day Declaration").

9. Pursuant to an order of this Court dated December 9, 2022, Mark D. Podgainy has been appointed as CRO of the Debtors and Bernard A. Katz as Independent Manager ("IM") of the Debtors, with full, exclusive authority to act on behalf and bind the Debtors in the Chapter 11

cases.

## RELIEF REQUESTED

10.     By this Application, the Debtors seek entry of the Proposed Order approving the employment of Rosewood and Newmark as real estate co-consultants and co-brokers to the Debtors to perform the services necessary for the Debtors to evaluate their property at 2 West Street, New York NY (the "Property") and to assist the Debtors in, inter alia, the marketing and sale or refinance, or other strategic transaction, of the Property for purposes of, inter alia, promoting and negotiating a plan of reorganization, in accordance with the provisions of the Joint Agreement, this Application, and the Proposed Order, under sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2002, 2014, and 2016, and Local Rule 2014-1 and 2016-1.

## BASIS FOR RELIEF

11.     The Debtors have determined, in consultation with their CRO and IM, and the exercise of their sound business judgment, that the services of experienced real estate consultants with considerable experience both in the hotel and distressed real estate industries, will substantially enhance their attempt to maximize the value of the estates and confirm a plan in these Chapter 11 cases. The Debtors seek a joint retention of Newmark and Rosewood as co-consultants/co-brokers, as opposed to a single broker/consultant, because they want to take advantage of the varied capabilities of these brokers, who have respective experience in marketing and selling hotels both in and out of bankruptcy, in order to accomplish the most thorough national marketing and sale process possible.

12.     After interviewing numerous candidates consisting of a) bankruptcy and real estate professionals, and b) brokers having experience in marketing New York City properties and hotels, the CRO and IM unanimously selected Rosewood and Newmark as their real estate consultants

and advisors due to Rosewood and Newmark's extensive experience and knowledge of the real estate market and hotel industry, excellent business reputation, and their significant experience in valuation, marketing and sale of hotels and leaseholds both in and out of bankruptcy. Rosewood and Newmark evaluate, restructure, facilitate the acquisition of, market and dispose of all types of real estate. The principals of Rosewood and Newmark have over fifty years of combined commercial real estate experience and have extensive knowledge and expertise in sales of real estate (including leaseholds) in an outside of bankruptcy. The Debtors believe that, as diversified real estate consulting and advisory firms, Rosewood and Newmark are well-qualified to provide the sophisticated services required by the Debtors in this case.

13.     Moreover, the compensation requested by Rosewood and Newmark as co-brokers/co-consultants was less than quotes received by certain other qualified professionals the Debtors interviewed.

14.     Accordingly, the CRO and IM, on behalf of the Debtors, believe that Rosewood and Newmark are most qualified to perform the services contemplated by their Joint Agreement and to represent the Debtors' and their estates in their Chapter 11 Case in a cost effective, efficient, and timely manner.[2]

## SERVICES TO BE PROVIDED

15.     Subject to this Court's approval, Rosewood and Newmark will render various services to the Debtors in accordance with the Joint Agreement[3] as follows:

---

[2] Although the decision to retain Rosewood and Newmark was solely made by the CRO and IM, the CRO and IM kept its lender and certain other interested parties apprised of all candidates and the interviewing and vetting process that resulted in the selection of these professionals, and the Debtors believe, that those parties do not object to the retention proposed herein.

[3] Capitalized terms not otherwise defined herein shall have ente meanings as set forth in the Joint Agreement.

    i. Meet with the Debtors and other parties-in-interest, including the appropriate lenders and creditors (including their advisors or legal counsel), to gather the appropriate information, ascertain the goals, objectives and financial parameters;

    ii. Prepare and implement a marketing plan, offering materials and information necessary for implementation of the marketing plan;

    iii. Prepare an offering memorandum or similar document describing the Property, the financial performance and operating prospects, major contracts and leases, market information and other pertinent information;

    iv. Develop a list of potential Purchasers who will be contacted directly by the Advisors;

    v. Compile a data room of the appropriate documents related to a sale of the Property;

    vi. Coordinate the execution of confidentiality agreements for potential Purchasers;

    vii. Solicit offers from potential Purchasers;

    viii. Advise and assist the Debtors and Court in structuring the sale and negotiating the requisite purchase and sale agreements;

    ix. Negotiate the sale, assignment, or other disposition of the Property and assist the Court and Debtors at an auction, if needed;

    x. Participate in Court hearings as appropriate and required, and if necessary, provide testimony in connection with any hearings before the Court;

    xi. Provide an appraisal of the Property; and

      xii.    Periodically report to the appropriate parties regarding the status of the sale effort.

16.    The Debtors believe that the retention of Rosewood and Newmark will enable it to preserve and maximize the value of the Hotel and underlying leasehold interests. Therefore, the Debtors have requested that Rosewood and Newmark perform the services set forth herein, and, subject to this Court's approval of the Application, Rosewood and Newmark have indicated that they are willing to perform such services post-petition.

## **DISINTERESTEDNESS OF PROFESSIONALS**

17.    To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the accompanying Corbin Declaration and Etra Declaration, Rosewood and Newmark a) do not have any connections with the Debtors, their affiliates, their creditors, or any other parties in interest, or their attorneys and accountants, the United States Trustee for the Southern District of New York or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of New York or any person employed therein; b) are both a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and c) do not hold or represent any interest adverse to the Debtors or their estate.

18.    As set forth in the Corbin Declaration and Etra Declaration, Rosewood and Newmark may have represented in the past, may currently represent, and likely in the future will represent certain parties in interest in this Chapter 11 Case in matters unrelated to the Debtors, this Chapter 11 Case, or such entities' claims against or interests in the Debtors.

19.    The Debtors understand that except as may be otherwise set forth in the Corbin Declaration and Etra Declaration:

    a.    Neither Rosewood, Newmark, nor any professional at Rosewood or Newmark working on this engagement holds or represents an interest adverse to the

Debtors' estates.

    b. Neither Rosewood, Newmark, nor any professional at Rosewood or Newmark working on this engagement is or was a creditor or an insider of the Debtors.

    c. Neither Rosewood, Newmark, nor any professional at Rosewood or Newmark working on this engagement is or was, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors.

    d. Rosewood and Newmark do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or a financial advisor specified in the foregoing paragraphs, or for any other reason.

20. In view of the foregoing, the Debtors believe that both Rosewood and Newmark are "disinterested persons" within the meaning of Bankruptcy Code section 101(14).

21. Rosewood and Newmark have informed the Debtors that throughout this Chapter 11 Case, Rosewood and Newmark will continue to conduct periodic conflicts analyses to determine whether they are performing or have performed services for any significant parties in interest and that they will promptly update this Application and disclose any material developments regarding the Debtors or any other pertinent relationships that come to Rosewood's or Newmark's attention by way of a supplemental declaration.

## **PROFESSIONAL COMPENSATION**

22. Subject to the Bankruptcy Court's approval, Newmark and Rosewood Realty Group shall be entitled to compensation of $800,000 ("Base Fee") and 3.0% of that portion of the Sale price that exceeds $130,000,000 ("Incentive Fee"). The Base Fee and Incentive Fee shall be split equally between Newmark and Rosewood Realty Group ("Fee") and paid as follows in the real estate services agreement (the "Joint Agreement"), annexed as Exhibit "B" of the Application.

23. In addition to the Fee, in the event an appraisal is required, the Debtor shall engage Newmark to complete the work and conduct the requisite analysis. The fees associated with such

7

appraisal ("Appraisal Fee") shall be deemed separate and apart from the compensation hereunder and shall be in addition to the Base Fee. The Appraisal Fee shall be paid directly to Newmark for the services rendered thereunder and in no event shall be more than $20,000.

24. Given the monthly advisory services to be provided, Newmark and Rosewood shall be responsible for keeping time records in half hour increments and filing interim fee applications. Additionally, Rosewood and Newmark shall file a final fee application for review by the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for the applicable Services provided and out of pocket disbursements incurred; except that the U.S. Trustee shall retain its right to review such final fee application under Section 330 of the Bankruptcy Code. For any Additional Services rendered, Rosewood and Newmark will keep time records and file fee application(s) for review under Sections 327(a) and 330 of the Bankruptcy Code.

25. Other than as set forth above, no arrangement is proposed between the Debtors, Rosewood, and Newmark for compensation to be paid in the Chapter 11 Cases.

26. Rosewood and Newmark have no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code section 504(b)(1).

27. The Debtors submit that the engagement and retention of Rosewood and Newmark on the terms and conditions set forth herein and in their Joint Agreement are necessary and in the best interests of the Debtors, their estate, their creditors, and should be approved.

## NOTICE

28. Notice of this Application has been provided to (a) the Office of the United States Trustee for the Southern District of New York, (Attn: Tara Tiantian, Esq.), and (b) all parties filing

Notices of Appearance in the Chapter 11 case. The Debtors respectfully submit that no other or further notice of the Application is required, or need be provided.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, (a) approving the Debtors' retention of Rosewood and Newmark as the Debtors' real estate consultants, and (b) granting such further relief as may be just and proper.

Dated: December 30, 2022
New York, New York

> URBAN COMMONS 2 WEST LLC
> URBAN COMMONS 2 WEST II LLC
> URBAN COMMONS 2 WEST III LLC
> URBAN COMMONS 2 WEST IV LLC
> URBAN COMMONS 2 WEST OPERATING TENANT LLC
>
> By: */s/ Mark D. Podgainy*
> Mark D. Podgainy, *Chief Restructuring Officer of the Debtors*