UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                                                               Chapter 11

URBAN COMMONS 2 WEST LLC, ET AL.,[1]          Lead Case No.: 22-11509 (PB)

                           Debtors.                              (Jointly Administered)
----------------------------------------------------------X

**ORDER APPROVING THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT OF ROSEWOOD REALTY GROUP AND NEWMARK & COMPANY REAL ESTATE, INC. AS REAL ESTATE CONSULTANTS AND ADVISORS TO THE DEBTORS EFFECTIVE AS OF DECEMBER 22, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), by their Chief Restructuring Officer, Mark D. Podgainy, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 seeking approval of the Debtors' joint employment of Rosewood Realty Group ("Rosewood") and Newmark & Company Real Estate, Inc. ("Newmark") as their real estate co-consultants and co-brokers effective as of December 22, 2022; upon the Court's consideration of the Application, the Declaration of Greg Corbin attached to the Application as Exhibit "C" (the "Corbin Declaration"), and the Declaration of Adam Etra (the "Etra Declaration") attached to the Application as Exhibit "D"; and all objections, if any, to the relief requested in the Application having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is fair and reasonable and is in the best interests of the Debtors, their estate and creditors; and good and sufficient notice of the Application having been provided; and after due deliberation and consideration; and for good and sufficient cause appearing therefor; it is

---

[1] Jointly administered with Urban Commons 2 West II LLC (Tax ID: **-***7987), Urban Commons 2 West III LLC (Tax ID: **-***3270), Urban Commons 2 West IV LLC (Tax ID: **-***8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: **-***0849), with a shared mailing address of 3334 East Coast Highway, No. 350, Corona Del Mar, CA 92625.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

hereby

**ORDERED**, that the Application is granted as set forth herein;

**ORDERED**, that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Rosewood and Newmark as their real estate consultants and advisors, on the terms and conditions set forth in the Application and the real estate services agreement dated December 22, 2022 attached as Exhibit B thereto (the "Joint Agreement"), as modified herein; and it is further

**ORDERED**, that Rosewood and Newmark shall file a final fee application for review by the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for the applicable Services provided and out of pocket disbursements incurred; provided, further, that the U.S. Trustee shall retain its right to review such final fee application under Section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that with respect to Additional Services (defined as the services outside of the list in paragraph 3 of the Joint Agreement ), Rosewood and Newmark shall keep time records in half-hour increment and, prior to receiving compensation, file and obtain allowance pursuant to an application for compensation for such hourly services under Sections 330 of the Bankruptcy Court; and it is further; and it is further

**ORDERED**, that notwithstanding any provision in each of the Application, the Joint Agreement, the Corbin Declaration or the Etra Declaration, to the contrary, and subject to the Court's approval, Rosewood and Newmark shall be entitled to the following compensation: (i) in the event the Property is sold to either BPC Lender LLC, the Debtors' pre-petition senior secured lender, or BPC DIP Lender LLC, in each case pursuant to a credit bid, in accordance with bid procedures approved by this Court (the "Bid Procedures)", Rosewood and Newmark shall be

entitled to compensation of a base fixed fee of $600,000.00 (the "Base Fee") and no other fee, and (ii) in the event the Property is sold to a party other than BPC Lender LLC or BPC DIP Lender LLC, in accordance with the Bid Procedures, Rosewood and Newmark shall be entitled to compensation of an incentive fee of 1.5% of the sale price (the "Incentive Fee") and no other fee, which Incentive Fee shall be split equally between Rosewood and Newmark and paid to Rosewood and Newmark by the buyer of the Property on the date of the transfer of title of the Property or the closing date of the sale of the Property. For the avoidance of any doubt, neither Rosewood nor Newmark shall be entitled to receive any Appraisal Fee; and it is further

**ORDERED**, during the pendency of these Chapter 11 Cases, paragraph 4 and paragraph 8 of the Joint Agreement are subject to the following modifications:

(a) All requests for payment of indemnity pursuant to the Joint Agreement shall be made by means of application to the Court and subject to the approval of and review by the Court to ensure that such payment conforms to the terms of the Joint Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; and

(b) In the event an indemnified person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Joint Agreement, the invoices and supporting time records from such attorneys shall be annexed to Rosewood's and Newmark's own fee applications, and such invoices and time records shall be subject to the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c) Rosewood and Newmark shall not be entitled to reimbursement for any fees and other charges of their counsel other than those incurred in connection with a request of for payment of indemnity, retention application, and preparation of fee applications; and it is further

**ORDERED**, that to the extent that the Joint Agreement, the Corbin Declaration, the Etra Declaration, and/or this Order conflict, this Order shall govern.

Dated: New York, New York
      January 20, 2023

                                          /s/ Philip Bentley
                                          **Honorable Philip Bentley**
                                          **United States Bankruptcy Judge**