UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:                                                              Chapter 11

URBAN COMMONS 2 WEST LLC, ET AL.,[1]     Lead Case No.: 22-11509 (PB)

                Debtors.                           (Jointly Administered)
---------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331
ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**UPON** the annexed motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order, pursuant to §§ 105(a) and 331 of the United States Bankruptcy Code (the "Code"), establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court, and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their respective creditors and their respective estates; and it appearing that proper and adequate notice has been given; and it appearing that no other or further notice is necessary; and it appearing, after due notice that there have been no objections made to the relief requested in the Motion, and good and sufficient cause appearing therefor, it is hereby

**ORDERED,** that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek monthly compensation in accordance with the following procedure:

    (a)    On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this

---

[1] Jointly administered with Urban Commons 2 West II LLC (Tax ID: **-***7987), Urban Commons 2 West III LLC (Tax ID: **-***3270), Urban Commons 2 West IV LLC (Tax ID: **-***8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: **-***0849), with a shared mailing address of 3334 East Coast Highway, No. 350, Corona Del Mar, CA 92625.

        Order will serve a monthly statement, by hand or overnight delivery on (i) the Debtors' CRO and IM; (ii) bankruptcy counsel to the Debtors; (iii) counsel to each official committee appointed herein, if any; (iv) the Office of the United States Trustee, Attn: Tara Tiantian; (v) counsel to all post-petition lenders or their agent(s), if any; (vi) counsel to the Debtors' pre-petition lender, BPC Lender, LLC; (vii) counsel to the Debtors' DIP Lender, BPC DIP Lender, LLC; and (viii) all parties filing notices of appearance herein.

(b)    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding Judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since professionals are still required to serve and file interim and final fee applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Southern District of New York;

(c)    Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (No professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996, as amended), and

contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each person receiving a statement will have at least ten (10) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the fifteenth (15th) day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the fifteen (15) day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f) If an objection to a particular fee statement is received, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with

3

       paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h)    All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j) below;

(i)    The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j)    Approximately every 120 days, but no more than every 150 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k)    Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not

4

        disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals;

(n)    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statement of expenses, with supporting vouchers, from members of the committee he or she represents, provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995;

and it is further

        **ORDERED,** that each Professional may seek in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement of expenses incurred during the period beginning on the date of said professional's retention and ending 120 days thereafter; and it is further

        **ORDERED**, that the Debtors shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals; and it is further

        **ORDERED**, that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained

current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, <u>otherwise</u>, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED,** that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; <u>provided, however</u>, that the Debtors must serve a copy of this Order on all entities specified in paragraph (a) hereof.

Dated: New York, New York
      February 1, 2023

                                  <u>/s/ Philip Bentley</u>
                                  HONORABLE PHILIP BENTLEY
                                  UNITED STATES BANKRUPTCY JUDGE