UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| URBAN COMMONS 2 WEST LLC, ET AL.,[1] | Lead Case No.: 22-11509 (PB) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------X

## ORDER REFERRING MATTERS TO MEDIATION

Upon the suggestion of the Court during hearings held on June 26, 2023, it is

**ORDERED**, that:

1. The above referenced matters and the Sale Related Matters[2] are hereby referred to mediation (the "Mediation") pursuant to the procedures set forth herein and agreed to between the parties and the Mediator (as defined below). The Honorable Shelley C. Chapman (Ret.) (the "Mediator") is hereby appointed to serve as the Mediator.

2. The parties invited to participate in the Mediation are: (i) Urban Commons 2 West LLC, Et Al. (the "Debtors"); (ii) BPC Lender LLC/BPC DIP Lender LLC (the "Purchaser"); (iii) Battery Park City Authority ("BPCA"), (iv) Hotel & Gaming Trades Council, AFL-CIO (the "Union); and (v) The Residential Board of Managers of Millennium Point Condominium (the "Resi Board" and, collectively with the Debtors, the Purchaser, BPCA, the Union and the Resi Board, the "Parties").

---

[1] Jointly administered with Urban Commons 2 West II LLC (Tax ID: **-***7987), Urban Commons 2 West III LLC (Tax ID: **-***3270), Urban Commons 2 West IV LLC (Tax ID: **-***8418), and Urban Commons 2 West Operating Tenant LLC (Tax ID: **-***0849).

[2] The Sale Related Matters include (a) the Debtors' Motion to Approve Sale of Hotel Lease Interest and Assumption and Assignment of Executory Contracts to the Purchaser, (b) the Statement of Cure Costs filed by BPCA, The Union and the Resi Board (as defined herein) and (c) the Debtor's objection to the BPCA Statement of Cure Costs.

1

3. If they have not already, promptly after entry of this Order, the Parties shall jointly contact the Mediator to discuss the Mediation. The Mediation will be scheduled to take place on July 11th and, if necessary, July 12, 2023.

4. Except as set forth herein, the Mediation shall be conducted in accordance with S.D.N.Y. LBR 9019-1.

5. The Mediator will preside over the Mediation with full authority to determine the nature and order of the Parties' presentations and with the full authority to implement any mediation procedures which are reasonable and practical under the circumstances.

6. The Parties shall participate in the Mediation in good faith and with a view toward reaching a consensual resolution. The Mediation(s) shall be attended in person at the offices of the Mediator by one or more representatives of each Party with full settlement authority and its counsel.

7. Mediation sessions are private and confidential in all respects. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. All Parties agree that any documents prepared by or for any party or the Mediator for use during the Mediation shall be private, deemed for settlement purposes only and may not be submitted to any Court, tribunal or used for any purpose other than to facilitate and foster the Mediation process. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the Parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the Mediation process.

8. There shall be no stenographic record of the Mediation process and no person shall tape or record any portion of the Mediation session. The Mediator, the Parties and their representatives shall be allowed to take personal notes during the Mediation.

9. The Mediator and any legal personnel employed by Willkie Farr & Gallagher LLP shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation. The Parties:

   (a) Shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the Parties in the Mediation;

   (b) Shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and

   (c) Shall not offer in evidence any statements, views, or opinions of the Mediator.

10. The Mediation Parties are hereby authorized to enter into a mediation engagement agreement with the Mediator. The Mediator shall be entitled to compensation for the Mediator's services, as well as reimbursement for reasonable costs, which compensation and costs (which may include the provision of services by other legal personnel of Willkie Farr & Gallagher LLP) shall be invoiced to the Mediation Parties in accordance with the percentage allocations set forth in the engagement agreement with the Mediator and paid without need for further order of this Court. The Mediation Parties shall otherwise each be responsible for their own costs associated with the Mediation.

11. Upon the conclusion of the Mediation, the Mediator shall file a report, which shall be limited to stating only (i) whether the matter settled or did not settle; (ii) the date or dates the Mediation took place; and (iii) the Parties and/or their counsel who attended.

12. This Court shall retain jurisdiction over any and all issues arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: New York, New York
July 5, 2023

/s/ Philip Bentley
**Hon. Philip Bentley
United States Bankruptcy Judge**