**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| URBAN COMMONS 2 WEST LLC, ET AL.,[1] | Case Nos. 22-11509 (PB)<br>(Jointly administered) |
| Debtors. | |

-----------------------------------------------------------X

**STIPULATION AND ORDER AMENDING FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SENIOR SECURED LENDER, (IV) MODIFYING THE AUTOMATIC STAY TO PERMIT THE TURNOVER OF ESCROWED INSURANCE PROCEEDS TO PREPETITION SENIOR SECURED LENDER, AND (V) GRANTING RELATED RELIEF**

**RECITALS:**

A.  **Petition Date**. On November 15, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). By order dated November 23, 2022, these cases are jointly administered under Case No. 22-11509.

B.  **Debtors In Possession**. Since the Petition Date, the Debtors have remained in possession of their assets and are debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, or examiner has been heretofore appointed in the Bankruptcy Cases.

C.  **Jurisdiction and Venue**. This Bankruptcy Court has core jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of the Debtors' taxpayer identification numbers are as follows: Urban Commons 2 West II LLC (7987), Urban Commons 2 West III LLC (3270), Urban Commons 2 West IV LLC (8418), and Urban Commons 2 West Operating Tenant LLC (0849).

§§ 157(a)–(b) and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution. Venue for the Chapter 11 Cases and proceedings on the Motion is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1), 364(e), and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Rules 2002-1, 4001-2, and 9014-2. The Debtors and the DIP Lender consent to the entry of this Final Order to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection with the Motion consistent with Article III of the United States Constitution.

    D.    <u>No Existing Committees. No Trustee or Examiner Appointed</u>. There are currently no committees, examiner or trustee appointed in the Chapter 11 Cases.

    E.    <u>Final DIP Order</u>. On January 16, 2023, the Bankruptcy Court entered a Final Order (1) Authorizing The Debtors To (A) Obtain Post-petition Financing And (B) Use Cash Collateral, (2) Granting Liens And Providing Super-priority Administrative Expense Status, (3) Granting Adequate Protection To The Prepetition Senior Secured Lender, (4) Modifying The Automatic Stay To Permit The Turnover Of Escrowed Insurance Proceeds To Prepetition Senior Secured Lender and (5) Granting Related Relief (the "<u>DIP Order</u>").

    F.    Pursuant to the DIP Order and the DIP Loan Term Sheet annexed thereto, BPC DIP Lender, LC ("<u>DIP Lender</u>") agreed to lend the Debtors up to $6,046,157.00 (the "<u>DIP Loan

Facility") pursuant to an agreed upon budget ("Budget"), which budget has been extended, along with the maturity date of the DIP Loan, from time to time.

G. Included in the Budget are payments for, inter alia: (i) the professional fees of Davidoff Hutcher & Citron LLP ("DHC") as Debtors' counsel, (ii) Getzler Henrich ("GH") for services rendered by Mark D. Podgainy, the Debtors' CRO; and (iii) Bernard A. Katz as Independent Manager of the Debtors ("Katz").

H. Pursuant to various orders governing the compensation of the aforementioned parties, DHC and GH have accrued and will continue to accrue through the effective date of the Debtors' Second Amended Plan of Liquidation (the "Plan") unpaid fees and expenses during the Chapter 11 Cases, allowance and payment of which is subject to further order of the Bankruptcy Court (the "Accrued Professional Fees").

I. Due to the ongoing mediation concerning the proposed sale (the "Sale") of the Debtors' hotel related interests to BPC Lender, LLC (the "Purchaser"), the Debtors require continued funding from the Lender under the DIP Loan Facility pending confirmation of the Sale and closing thereon to pay their ongoing administrative and other necessary expenses.

J. Notwithstanding the existing availability under the DIP Loan Facility, the DIP Lender has requested that payment of the (a) the Accrued Professional Fees and (b) Katz's monthly fee as of August 1, 2023 be deferred until the later of (i) the effective date of the Plan or (ii) the closing on the Sale.

K. DHC and GH are willing to defer the Accrued Professional Fees, and Katz is willing to defer his monthly fee as of August 1, 2023 in accordance with the terms of this Stipulation.

NOW, THEREFORE, in consideration of the above stated recitals, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by the undersigned parties as follows:

1. The DIP Loan Term Sheet shall remain in full force and effect, subject to any modifications contained herein.

2. The Maturity Date, as defined in the DIP Loan Term Sheet, is hereby further extended through and including the earlier of (a) the effective date of the Plan or (b) the closing on the Sale.

3. Other than (a) the Accrued Professional Fees or (b) accrued fees of Katz as of August, 2023, the DIP Lender shall continue make advances under and up to the limit of the DIP Loan Facility until the Maturity Date in accordance with budgets to be provided by the Debtors and approved by the DIP Lender in its sole discretion. If any portion of the DIP Loan Facility remains unused as of the effective date of the Plan, such available facility will be used to promptly pay (a) any unpaid and allowed Accrued Professional Fees, (b) any unpaid and allowed accrued fees of Katz as of August 2023, (c) any unpaid statutory fees accruing through the effective date of the Plan pursuant to 28 U.S.C. Section 1930 or 37 U.S.C. Section 3717 and (d) any outstanding allowed administrative expenses of the Debtors not otherwise satisfied through the cure claim process in connection with the Sale.

4. Notwithstanding the foregoing, any allowed and unpaid (a) Accrued Professional Fees or (b) accrued fees of Katz as of August, 2023 shall be paid in full by either the DIP Lender or the Seller no later than the earlier of (i) the effective date of the Plan, (b) closing on the Sale, or (c) dismissal or conversion of the Chapter 11 Cases, as applicable, regardless of whether there remains any availability under the DIP Loan Facility.

5. The super-priority liens and claims granted to the Lender under the DIP Order shall be subject to (a) the allowed and unpaid professional fee and expense claims of DHC and GH as may be awarded pursuant to section 330 of the Bankruptcy Code, (b) the allowed and unpaid claims of Katz, and (c) any outstanding allowed statutory fees owed as of the Plan effective date.

6. Nothing contained in this Stipulation shall confer any duty of loyalty by either DHC, GH or Katz to either the Seller or the Lender by virtue of, inter alia, the payment obligations provided under this Stipulation, and the parties hereunder acknowledge that the duty of loyalty of DHC, GH and Katz remain exclusively to the Debtors and no other parties.

7. The Bankruptcy Court shall retain exclusive jurisdiction over the terms, implementation and enforcement of this Stipulation as well as any disputes or claims arising hereunder.

--Remainder of Page Left Blank--

Dated: September 22, 2023

**BPC DIP LENDER, LLC**

By: */s/ Charles Essig*
    Charles Essig, Managing Director

**BPC LENDER, LLC**

By: */s/ Pascal Carasso*
    Pascal Carasso, Authorized Signatory

**URBAN COMMONS 2 WEST, LLC, ET AL., DEBTORS**

By: */s/ Mark D. Podgainy*
    Mark D. Podgainy, Chief Restructuring Officer


By: */s/ Bernard A. Katz*
    Bernard A. Katz, Independent Manager of the Debtors

HERRICK FEINSTEIN
*Attorneys for BPC DIP Lender, LLC and BPC Lender, LLC*
2 Park Avenue
New York, New York 10016
(212) 592-1400

By:*/s/ Steven B. Smith*
    Steven B. Smith

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtors*
605 Third Avenue
New York, New York 10158
(212) 557-72000

By: */s/ Jonathan S. Pasternak*
    Jonathan S. Pasternak

                                         SO ORDERED THIS __ DAY OF
                                         OCTOBER, 2023

                                         _____
                                         HONORABLE PHILIP BENTLEY
                                         UNITED STATES BANKRUPTCY JUDGE